SHORES, Justice.
This is an appeal from a declaratory judgment which determined that the City of Huntsville had the constitutional authority to regulate the bingo activity of Am-Vets Huntsville Post No. 88 within the city’s police jurisdiction. We reverse and remand.
Amendment No. 387 to the Constitution of Alabama of 1901, regarding operation of bingo games by non-profit organizations in *600 Madison County, was ratified on September 17, 1980. It contains the following provision:
“The operation of bingo games for prizes or money by nonprofit organizations for charitable or educational purposes shall be legal in Madison county, subject to the provisions of any resolution or ordinance by the county governing body or the governing bodies of the respective cities and towns, within their respective jurisdictions.” (Emphasis supplied.)
On November 18, 1980, the city council, pursuant to the provisions of Amendment No. 387, adopted Ordinance No. 80-419, which promulgated rules and regulations for the licensing and operation of bingo games “within the territorial limits of the City of Huntsville.” AmVets Huntsville Post No. 88 (hereinafter “AmVets”) is located within Huntsville’s police jurisdiction, but not within its corporate limits.
On February 20,1981, the Madison County Commission, also pursuant to the provisions of Amendment No. 387, adopted a resolution promulgating rules and regulations for the licensing and operation of bingo games “within Madison County, Alabama, outside of the corporate limits of any incorporated city or town.”
On April 29, 1981, AmVets obtained a county license to operate a bingo game for prizes or money within Madison County, pursuant to the resolution adopted by the Madison County Commission. AmVets has renewed the license each year since.
On April 14, 1983, the Huntsville city council adopted Ordinance No. 83-108, amending Ordinance 80-419 (the “original” bingo ordinance) so as to include the city’s police jurisdiction within its regulatory jurisdiction with regard to bingo operations. The amended ordinance made it unlawful to operate a bingo game without a city license “within the corporate limits or the police jurisdiction of the City of Huntsville.”
AmVets contends that the trial court erred in holding that the City of Huntsville may, under the 1983 amendment to the bingo ordinance, require a city bingo license from AmVets, when AmVets has continuously held a license issued by Madison County, issued prior to the adoption of the city’s bingo ordinance amendment making the ordinance applicable to the police jurisdiction.
AmVets argues that Amendment No. 387 clearly provides for alternative licensing, either by the county or the city governing body, but not for licensing by both. Thus, AmVets contends that the city’s amended ordinance is inconsistent with Amendment No. 387 and is, therefore, illegal, as applied to AmVets. To repeat, the Amendment provides:
“The operation of bingo games for prizes or money by nonprofit organizations ... shall be legal in Madison county, subject to the provisions of any resolution or ordinance by the county governing body or the governing bodies of the respective cities and towns, within their respective jurisdictions.” (Emphasis supplied.)
We agree with AmVets that Amendment No. 387 provides for alternative licensing. Under the facts of this case, the City of Huntsville could not require a license from AmVets pursuant to its amended ordinance. The original ordinance, passed by the city pursuant to Amendment No. 387 did not apply to bingo organizations operating outside the corporate limits. Once Madison County passed a resolution, as authorized by the constitutional amendment, regulating bingo games “within Madison County, Alabama, outside of the corporate limits of any incorporated city or town,” the city was precluded from also regulating bingo in the same area. The Madison County resolution preempts the city’s regulation of bingo games outside its corporate limits.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.